UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SEPULVEDA,<br><br>Plaintiff,<br><br>v.<br><br>RUSSEL J. BRUZZONE, INC.,<br><br>Defendant. | Case No. 3:24-cv-03166-EMC<br><br>**ORDER DISMISSING PLAINTIFF'S UNRUH ACT, CDPA, AND CALIFORNIA HEALTH AND SAFETY CODE CLAIMS WITHOUT PREJUDICE**<br><br>Docket No. 14 |

## I.   INTRODUCTION

Plaintiff Richard Sepulveda filed his complaint in this case against Russell Bruzzone, Inc. dba Marathon Gas on May 24, 2024. *See* Docket No. 1. (Complaint). Plaintiff brings four causes of action, for alleged violations of (1) the American Disability Act ("ADA"), (2) California's Health and Safety Code, (3) California's Disabled Persons Act ("CDPA"), and (4) California's Unruh Civil Rights Act ("Unruh Act"). *Id.* at ¶ 1. The case was assigned to Magistrate Judge Thomas S. Hixson. *See* Docket No. 3. After Defendants failed to appear, a default was entered on July 29, 2024. *See* Docket No. 9. Plaintiff filed a motion for default judgment, which remains currently pending. *See* Docket No. 12. Judge Hixson issued an order to show cause why the Court should not decline to exercise supplemental jurisdiction over the Plaintiff's state law claims in light of the Ninth Circuit's recent decision in *Vox v. Choi*, 49 F.4th 1167 (9th Cir. 2022). Docket No. 13. Plaintiff has failed to file a response.

On October 7, 2024, Judge Hixson ordered the case to be reassigned to a District Judge

and issued a report and recommendation. *See* Docket No. 14. In his report, Judge Hixson recommended that the Court (1) decline to exercise supplemental jurisdiction over Mr. Sepulveda's Unruh Act, CDPA, and California Health and Safety Code claims, (2) dismiss the claims without prejudice, and (3) deny without prejudice Plaintiff's motion for default judgment. *Id.* at 6. Objections to the report were due 14 days after the report's release, which Plaintiff has failed to file. *See id.*

The Court has reviewed the findings in this case, including Plaintiff's complaint and motion for default judgment. The Court hereby **ADOPTS IN FULL** Judge Hixson's report and recommendation. *See* Docket No. 14.

## II.   BACKGROUND

Mr. Sepulveda is a Vietnam War veteran who is limited in the use of his legs and must use a walker. Compl. ¶ 6, Docket No. 1. Russell Bruzzone, Inc., dba Marathon Gas, owns and operates Marathon Gas, located at 1135 Moraga Way, Moraga, California. *Id.* ¶ 3. Mr. Sepulveda alleges he travels regularly on "business and pleasure trips" through the city of Moraga, which is approximately 64 miles away from his home in Manteca, California. *Id.* ¶ 14.

According to Mr. Sepulveda, he visited Marathon Gas on March 18, 2024 to buy food and drink. *Id.* ¶ 12. He found there were "architectural barriers" that denied him access to the facilities because of his disability in violation of state and federal law. *Id.* ¶¶ 13, 15. In particular, he alleges the designated parking space for individuals with disabilities was defective because of improper parking space dimensions and incomplete signage. *Id.* ¶ 4. As a result of this visit, Mr. Sepulveda seeks injunctive relief and damages. *Id.* at 21-22.

On July 9, 2024, the Clerk of Court entered Defendant's default, after which Mr. Sepulveda moved for default judgment on September 18, 2024. Docket Nos. 9, 12.

On September 20, 2024, the Court ordered Mr. Sepulveda to show cause why it should not decline to exercise supplemental jurisdiction over his state law claims. Docket No. 13.

## III.   DISCUSSION

1    Under 28 U.S.C. § 1367(a), to determine whether to extend supplemental jurisdiction over
2 a state law claim, the federal claims and state claims must come from the "same case or
3 controversy." § 1367(a). As Judge Hixson mentioned, the Ninth Circuit has already found the
4 connection between ADA, CDPA, and Unruh Act claims such that Plaintiff's claims are all part of
5 the same case or controversy outlined in Section 1367(a). Docket No. 14 at 2-3; *see Arroyo v.*
6 *Rosas*, 16 F.4th at 1209; *Hernandez v. Polanco Enterprises, Inc.*, 19 F. Supp 3d 918, 931 (N.D.
7 Cal. 2013); *Sepulveda v. Isa*, 2024 WL 4231089, at *2 (N.D. Cal. 2024).

8    However, even where supplemental jurisdiction over a claim exists under Section 1367(a),
9 the Court may decline jurisdiction over the claim if: "(1) the claim raises a novel or complex issue
10 of State law, (2) the claim substantially predominates over the claim or claims over which the
11 district court has original jurisdiction, (3) the district court has dismissed all claims over which it
12 has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons
13 for declining jurisdiction." 28 U.S.C. § 1367(c)(1)-(4).

14    The Court applies the *Arroyo* two-step inquiry when deciding to decline supplemental
15 jurisdiction by first (1) "articulat[ing] why the circumstances of the case are exceptional" with
16 "compelling reasons for declining jurisdiction" and, in doing so, (2) considering what "'best
17 serves the principles of economy, convivence, fairness, and comity' articulated in *Gibbs*." *Arroyo*,
18 19 F.4th at 1210 (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997)
19 and *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc)).

20    The Ninth Circuit has previously articulated why the exceptional circumstances are
21 warranted in cases such as this one—where Plaintiffs bring simultaneous ADA and Unruh Act
22 disability claims in federal courts to "evade California's procedural requirements." *Vo v. Choi*, 49
23 F.4th at 1172. Like the plaintiffs in *Arroyo* and *Vo*, Plaintiff Sepulveda brings both an ADA and
24 an Unruh Act claim, which creates "exceptional circumstances" that, by allowing plaintiffs to
25 side-step the protections intentionally enshrined in California law, would create an "affront to the
26 comity between federal and state courts." *Id.*; *see Arroyo*, 19 F.4th at 1213. Thus, the first prong
27 of the *Arroyo* test is met. *See also Sepulveda v. Isa*, 2024 WL 3047997, *2 (N.D. Cal. 2024)
28 (explaining that "[s]ince *Arroyo* and *Vo*, district courts have frequently declined to exercise

3

1  supplemental jurisdiction over state law claims brought under the Unruh Act and other California
2  disability access statutes.").

3    Under the second prong, asking if there are "compelling reasons to decline jurisdiction,"
4  the Court weighs *Gibbs*' factors of economy, convenience, fairness to litigants, and comity. *See*
5  *Vo*, 49 F.4th at 1172. First, in contrast to *Arroyo* when supplemental jurisdiction was declined at
6  the "very late stage" of litigation, this case is in the early stages without the merits even yet
7  addressed. *Arroyo*, 19 F.4th at 1214. Plaintiff's case is in the exact same early time period of
8  litigation as in *Vo*: Plaintiff has just moved for default judgment, which does not indicate "it is
9  simply too late to undo the now-sunk costs already incurred by litigating this matter." *Vo*, 49
10 F.4th at 1172 (citing *Arroyo*, 19 F.4th at 1216). District courts have continued to decline to extend
11 supplemental jurisdiction in these cases because of the "unfairness of allowing plaintiff to bypass
12 the limitations the California legislature has imposed on these [state law] claims." *Sepulveda v.*
13 *Taqueria y Carniceria Martinez LLC*, 2024 WL 69066, *2 (N.D. Cal. 2024). Further, Judge
14 Hixson outlines how the *Gibbs* factors are still met in this case as Plaintiff can still file in state
15 court. *See* Docket No. 14 at 5.

16   For the reasons cited above and in Judge Hixson's report and recommendation, the Court
17 finds that, under the *Arroyo* two-step test and weighing the *Gibbs* factors, the Court should not
18 exercise supplemental jurisdiction over the Unruh Act and other California state law claims to
19 avoid Plaintiff bypassing regulations and restrictions intentionally put in place by the California
20 legislature. *See Sepulveda v. Taqueria*, 2024 WL 69066 at *2; Docket No. 14. Thus,
21 supplemental jurisdiction in this instance would violate "federal-state comity." *See Arroyo*, 19
22 F.4th at 1204.

## IV. CONCLUSION

25   Accordingly, the Court **ADOPTS** the report and recommendation at Docket No. 14. The
26 Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant
27 to 28 U.S.C. § 1367(c)(4) and hereby **DISMISSES** those claims without prejudice to refiling in
28 the state court. The Court **DENIES** Plaintiff's motion for default judgment without prejudice to

4

renewal of the remaining ADA claim.

Any renewed motion for default judgment shall be due no later than February 21, 2025.

**IT IS SO ORDERED**.

Dated: February 7, 2025

_____
EDWARD M. CHEN
United States District Judge

5